IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ANDREW G. KALNOKI, individually,  )
KATHI KALNOKI, individually,      )   2:11-cv-02816-GEB-DAD
                                  )
            Plaintiffs,           )
                                  )   ORDER DISMISSING PLAINTIFFS'
       v.                         )   FEDERAL CLAIMS AND REMANDING
                                  )   STATE CLAIMS
FIRST AMERICAN LOANSTAR TRUSTEE   )
SERVICES LLC, WELLS FARGO HOME    )
MORTGAGE, FIRST AMERICAN TITLE    )
INSURANCE COMPANY, and DOES 1-    )
10,                               )
                                  )
            Defendants.           )
_____ )
```

Each Defendant moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of all claims in Plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs filed opposition briefs.

This case concerns the foreclosure of Plaintiffs' real property pursuant to a deed of trust. Plaintiffs filed their original complaint in state court on February 22, 2011, in which they allege Defendants violated California state laws in connection with the foreclosure of Plaintiffs' real property; the real property was sold to Defendant U.S. Bank at a foreclosure sale. While this case was in state court, it was consolidated with an unlawful detainer action Defendant U.S. Bank filed against Plaintiffs regarding the same real property. Plaintiffs subsequently filed their SAC, in which they added a claim against each Defendant under the Fair Debt Collection Practices Act

1

("FDCPA"). Defendants then removed the consolidated cases to this federal court based on their argument that Plaintiffs' FDCPA claims provide the federal court with "federal question" removal jurisdiction.

Since the state claims appear to substantially predominate over Plaintiffs' FDCPA claims, the portions of the motions challenging the federal claims will be decided first, and then the issue will be reached *sua sponte* whether the state claims substantially predominate over Plaintiffs' FDCPA claims.

## I. 12(b)(6) Standard

Decision on Defendants' Rule 12(b)(6) dismissal motions requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Ashcroft v.

2

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II. Discussion

**A. 12(b)(6) Dismissal Motion**

Each movant argues Plaintiffs' FDCPA claim against it should be dismissed for failure to state an actionable claim. (Wells Fargo & U.S. Bank's Mot. to Dismiss 24:19; First American's Mot. to Dismiss 12:14-15.) Plaintiffs do not address these arguments in their opposition briefs.

> Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors . . . and to promote consistent state action to protect consumers against debt collection abuses. The FDCPA prohibits debt collectors from resorting to false, deceptive, or misleading representation or means in connection with the collection of any debt. To plead entitlement to relief under the FDCPA, Plaintiffs . . . must allege facts [from which a reasonable inference could be drawn] that (1) [each] Defendant was collecting debt as a debt collector, and (2) its debt collection actions [violated the FDCPA].

Schlegel v. Wells Fargo Bank, N.A., 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011) (citations and quotations omitted).

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

The gravamen of the allegations in Plaintiffs' FDCPA claims are the following:

> Defendants . . . were debt collectors . . . , and by their dealings violated [the FDCPA].

3

>. . .
>
>[Wells Fargo] is a debt collector . . . , since many of [Wells Fargo's] letters sent to the Plaintiffs specifically state[] that the purpose of the letter is to collect a debt. . . . [Wells Fargo] is a debt collector, since [Wells Fargo] was not the original lender, but rather a substitute lender, and thus it was not foreclosing on its own loan.
>
>. . .
>
>Creditors who take an assignment of the debt while it is in default, as did [U.S. Bank] in this matter, are subject to the [FDCPA] as debt collectors.
>
>. . .
>
>An entity that is named solely as a debtor's trustee for the purpose of conducting a foreclosure sale does not come under any exception to the statute and is a debt collector.

(SAC ¶¶ 375 & 386-89.)

Plaintiffs' conclusory allegations are insufficient to be entitled to the presumption of truth, since they lack facts from which a reasonable inference could be drawn that any defendant is a "debt collector" as defined in the FDCPA; nor can it be reasonably inferred that any defendant engaged in conduct prohibited by the FDCPA. Therefore, Plaintiffs' FDCPA claims are dismissed.

**B. Supplemental Jurisdiction Over State Claims**

In light of this dismissal, the state claims are examined for the purpose of determining whether they substantially predominate over Plaintiffs' dismissed FDCPA claims, which Plaintiffs will be granted leave to amend. Under 28 U.S.C. § 1367(c)(2), a federal court may decline to exercise supplemental jurisdiction when the state claims "substantially predominate" over federal claims.

4

When "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 727 (1966). "Generally, a district court will find substantial predomination where 'it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" Contemporary Servs. Corp. v. Hartman, No. 08-02967, 2008 WL 3049891, at *3 (C.D. Cal. Aug. 4, 2008) (quoting Gibbs, 383 U.S. at 727). Further, "[w]hile discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks and citation omitted).

Plaintiffs allege the following state claims in their SAC regarding the foreclosure of their real property: fraud; violation of California's Unfair Competition Law; conspiracy; failure to contact Plaintiffs thirty days before recording the notice of default in violation of California Civil Code section (hereinafter, "section") 2923.5; failure to comply with the notice and procedural requirements governing non-judicial foreclosure in violation of section 2924; failure to record an assignment of the deed of trust before exercising the power of sale in violation of section 2932.5; and unjust enrichment. The crux of Plaintiffs' state claims is that the foreclosure sale of their property was invalid, since Defendants violated state laws when Defendants executed and recorded documents in connection with Plaintiffs' deed of trust. (SAC ¶¶ 53-58, 81-82, 90-99, 155 & 166-71.)

1  In addition, Plaintiffs seek in their state claims an order vacating and
2  setting aside the foreclosure sale of their property, special and
3  general damages, a declaration that the foreclosure was illegal, an
4  injunction, punitive and/or exemplary damages, rescission of the
5  contract, return of the money representing unjust enrichment, and
6  prejudgment interest. (SAC ¶¶ 253, 264, 281, 301, 309, 325, 341, 347,
7  373 & prayer.)
8          Further, U.S. Bank's unlawful detainer claim concerns the
9  right to possession of the real property. (See Removal Notice Ex. 23
10 (U.S. Bank's opposition to Plaintiffs' motion to consolidate Plaintiffs'
11 complaint with U.S. Bank's unlawful detainer claim); Cal. Civ. Proc. §
12 1174 (providing that a court may issue a judgment for possession of the
13 premises as a remedy for unlawful detainer).)
14          In contrast, should Plaintiffs ultimately be able to allege an
15 actionable FDCPA claim, that claim would concern whether a debt
16 collector's communication to Plaintiffs violated the FDCPA. See 15
17 U.S.C. §§ 1692b-1692j (setting forth requirements with which debt
18 collectors must comply when attempting to collect a debt, and
19 proscribing certain activities in connection with debt collection).
20 Further, should Plaintiffs prevail on a FDCPA claim, Plaintiffs'
21 recovery would be limited to actual and/or statutory money damages. See
22 15 U.S.C. § 1692k ("[A]ny debt collector who fails to comply with any
23 provision of [the FDCPA] with respect to any person is liable to such
24 person in an amount equal to the sum of . . . any actual damage
25 sustained by such person as a result of such failure; . . . such
26 additional damages as the court may allow, but not exceeding $1,000;
27 . . . [and] the costs of the action, together with a reasonable
28 attorney's fee as determined by the court."); Carrigan v. Cent.

Adjustment Bureau, Inc., 502 F. Supp. 468, 470-71 (N.D. Ga. 1980) (construing the term "actual damage[s]" in the FDCPA to mean "out-of-pocket loss caused by Defendant's violation of the [FDCAP]" and awarding $100 in actual damages to Plaintiff as compensation for the "mental anguish" Defendant's violation of the FDCPA caused him); see also Palmer v. Stassinos, 233 F.R.D. 546, 548 (N.D. Cal. 2006) ("Congress explicitly provided private plaintiffs with monetary relief, both actual and statutory, in the FDCPA[,] . . . [but n]o mention is made of injunctive relief for private plaintiffs[.]"). Here, it is unclear whether Plaintiffs will be able to state an actionable FDCPA claim, whether these claims have any meaningful connection to any state claim, or whether any damages will be more than trivial. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1620-21 (2010) ("When an alleged violation is trivial, the 'actual damage[s]' sustained . . . will likely be de minimis or even zero.").

Notwithstanding the uncertainty as to whether Plaintiffs will be able to allege actionable FDCPA claims, in light of the nature of relief sought in the state claims, those claims substantially predominate over any yet-to-be-pled FDCPA claim, since the state claims require "a much broader range of factual development[,]" are more complex, and seek more comprehensive remedies than what is available under the FDCPA. Jones v. Baugher, 689 F. Supp. 2d 825, 834-35 (W.D. Va. 2010) (remanding the state claims and cross-claims under 28 U.S.C. § 1367(c)(2) and allowing an FDCPA claim to remain in federal court).

Moreover, the principles of "economy, convenience, fairness, and comity" weigh in favor of remanding the state claims to the state court from which they were removed, since the case was in state court for eight months before it was removed to this Court; the state court

7

has ruled on a demurrer; and the state court was overseeing Plaintiffs' monthly deposits into an account with the state clerk of court regarding U.S. Bank's unlawful detainer claim.[1] Acri, 114 F.3d at 1001; see Removal Notice Ex. 32 (stipulation of the parties requiring Plaintiffs to deposit monthly payments into an account with the state clerk of court in connection with the unlawful detainer claim); Ex. 31 (state court order approving the stipulation). Therefore, the Gibbs factors weigh in favor of declining to continue exercising supplemental jurisdiction over the state claims.

### III. Conclusion

For the stated reasons, Plaintiffs' FDCPA claims are dismissed. Plaintiffs have ten days from the date on which this order is filed to file an amended complaint, solely for the purpose of amending their FDCPA claims. If Plaintiffs fail to file an amended complaint within this ten-day period, that failure could be construed as Plaintiffs' abandonment of their FDCPA claims, and these claims could then be dismissed with prejudice and judgment could be entered in favor of Defendants on these claims.

The state claims are remanded to the California Superior Court in the County of Sacramento.

Dated: April 3, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status of these payments is not discussed in the briefs or the notice of removal.