IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ANDREW G. KALNOKI, individually,   )
KATHI KALNOKI, individually,       )   2:11-cv-02816-GEB-DAD
                                   )
            Plaintiffs,            )
                                   )   ORDER
       v.                          )
                                   )
FIRST AMERICAN LOANSTAR TRUSTEE    )
SERVICES LLC, WELLS FARGO HOME     )
MORTGAGE, FIRST AMERICAN TITLE     )
INSURANCE COMPANY, and DOES 1-     )
10,                                )
                                   )
            Defendants.            )
_____)
```

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank National Association ("U.S. Bank"), First American Title Insurance Company ("FATCO"), and First American Trustee Servicing Solutions, LLC, formerly known as First American LoanStar Trustee Services, LLC ("LoanStar," and collectively, "Defendants") each move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of all claims in Plaintiffs' Third Amended Complaint ("TAC"). Plaintiffs filed opposition briefs.

This case concerns the foreclosure of Plaintiffs' real property pursuant to a deed of trust. Plaintiffs' TAC is comprised of claims alleging each Defendant violated the Fair Debt Collection Practices Act ("FDCPA").

1

## I. LEGAL STANDARD

Decision on Defendants' Rule 12(b)(6) dismissal motions requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). The court is "not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Fayer, 649 F.3d at 1064 (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555).

## II. DISCUSSION

Each Defendant argues Plaintiffs fail to state an actionable FDCPA claim against it. (Wells Fargo & U.S. Bank's Mot. 4:3-4; FATCO & LoanStar's Mot. 3:10-12.) "Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors . . . and to promote consistent state action to protect consumers against debt collection abuses." Schlegel v. Wells Fargo Bank, N.A., 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011) (internal quotation marks and citation omitted). "The FDCPA prohibits debt collectors from resorting to 'false, deceptive, or misleading representation or means' in connection with the collection of any debt." Id. (quoting 15 U.S.C. § 1692e). "To plead entitlement to relief under the FDCPA, Plaintiffs . . . must allege facts [from which a reasonable inference could be drawn] that (1) [each] Defendant was collecting debt as a debt collector, and (2) its debt collection actions [violated the FDCPA]." Id. (citation omitted). Under the FDCPA,

> [t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

**A. Wells Fargo**

Wells Fargo argues "none of [its] three alleged misdeeds were undertaken 'in connection with the collection of any debt.'" (Wells Fargo & U.S. Bank's Mot. 7:27-8:1.) Plaintiffs do not address this argument in their opposition briefs.

1  Plaintiffs allege Wells Fargo violated the FDCPA when it sent Plaintiffs a letter dated March 22, 2010, the Substitution of Trustee, and an IRS form reporting acquisition of Plaintiffs' property. (Pls.' Third Am. Compl. ("TAC") ¶¶ 11, 12 & 31.)

**1. March 22, 2010 Letter**

Wells Fargo argues Plaintiffs fail to allege it "engaged in an act or omission prohibited by the FDCPA" when it sent Plaintiffs the March 22, 2010 letter. (Wells Fargo & U.S. Bank's Mot. 4:6-6:4.) Plaintiffs do not address this portion of Wells Fargo's dismissal motion.

Plaintiffs' allegations concerning Wells Fargo's March 22, 2010 letter are comprised of the following: "On March 22, 2010, [Wells Fargo] sent a letter to Plaintiffs, informing them that as the servicer of their loan, 'it will be collecting a debt and any information obtained will be used for that purpose.'" (TAC ¶ 11.) This conclusory allegation is insufficient to allege an actionable FDCPA claim against Wells Fargo based on its March 22, 2010 letter.

**2. Substitution of Trustee and IRS Form**

Wells Fargo argues that sending Plaintiffs the Substitution of Trustee and the IRS form "cannot be seen as collection activity." (Wells Fargo & U.S. Bank's Mot. 6:6-13.) Plaintiffs' remaining allegations against Wells Fargo are comprised of the following:

> On April 2, 2010, [Wells Fargo] made an illegal substitution of trustee, and substituted First American LoanStar Trustee Services, LLC, a criminal enterprise, whose sole purpose was to affect illegal debt collections through manufactured and patently fraudulent documents to be filed with various government entities, including the courts, as the new foreclosure trustee. Said Document is false and is in violation of 15 U.S.C.A. Section 1692 (e) which prohibits fraudulent and misleading acts by debt collectors. [Citation]

4

1 . . .

On January 14, 2012, [Wells Fargo] sent out a fraudulent document stating that the lender's name is FHLMC, and that [Plaintiffs] had abandoned the property; that the Balance of Principal outstanding [was] $397,919.11; [t]he fair market value of the property [was] $437,280.54. All of the representations in said document are false. [Citation] The above document is fraudulent and was sent through the U.S. Mail and is in violation of 15 U.S.C.A. section 1692(e).

(TAC ¶¶ 12 & 31.)

Wells Fargo argues "appointing a new trustee under the Deed of Trust . . . [is not] 'collection activity.'" (Wells Fargo & US Bank's Mot. 6:10-11.) Wells Fargo further argues its "post-foreclosure mailing of a 1099 showing debt forgiveness cannot be seen as a 'collection activity' . . . [since i]t is . . . not undertaken with any expectation that its mailing will yield a payment from . . . Plaintiffs, and [no payment] is requested." Id. at 6:12-16.

The FDCPA prescribes in pertinent part: "The term 'debt' means any obligation . . . of a consumer to pay money arising out of a transaction in which the money . . . [or] property . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purposes[.]" 15 U.S.C. § 1692a(5). "In short, a debt is a monetary obligation, and a debt collection action aims to compel payment of this obligation." <u>Washington v. Aurora Loan Servs.</u>, No. SACV 11-0887, 2011 WL 3565335, at * 3 (C.D. Cal. Aug. 12, 2011).

///
///
///
///
///

5

1	The Substitution of Trustee, which Plaintiffs attached to
2	their TAC, does not mention Plaintiffs' debt. (TAC Ex. C.) The IRS form,
3	which Plaintiffs also attached to their TAC, reports the "lender's
4	acquisition of property that was security for a loan." (TAC Ex. J.)
5	Since Plaintiffs' allegations against Wells Fargo are insufficient to
6	allege viable FDCPA claims, Wells Fargo's dismissal motion is GRANTED.

**B. U.S. Bank**

U.S. Bank seeks dismissal of Plaintiffs' FDCPA claim against it, arguing "[n]either of the two alleged acts undertaken by U.S. Bank constitutes 'collection activity' sufficient to substantiate [Plaintiffs' FDCPA] claim" against it. (Wells Fargo & U.S. Bank's Mot. 9:3-4.) Plaintiffs counter that U.S. Bank "engaged in acts prohibited by the FDCPA." (A. Kalnoki's Opp'n 25:6.)

Plaintiffs allege in their TAC:

> On July 3, 2010, [U.S. Bank,] the trustee for the purported new owners, caused . . . [LoanStar] to send out a Notice of Trustee's Sale. . . . Said Notice is fraudulent, since [LoanStar] had no legal authority to send out said Notice, because it was not the duly appointed Substitute Trustee.

(TAC ¶ 23-24.) However, these allegations do not support drawing a reasonable inference that U.S. Bank engaged in debt collection activity.

Plaintiffs also allege that "[i]n April of 2011, U.S. Bank . . . filed a false and/or fraudulent document, i.e. an Unlawful Detainer Complaint with the Sacramento County Superior Court[, which] . . . is false and is in violation of 15 U.S.C.A. section 1692(e)." <u>Id.</u> ¶ 29.

However, "initiati[ng] . . . [an] unlawful detainer action following [a] foreclosure sale . . . does not run afoul of the FDCPA." <u>Davidson v. JP Morgan Chase N.A.</u>, No. CV 11-03566, 2011 WL 5882678, at

1 *3-4 (N.D. Cal. Nov. 23, 2011); see Brambila v. Reo Bay Area, LP, No. C
2 11-03202, 2011 WL 4031142, at *5 (N.D. Cal. Sept. 8, 2011) (holding that
3 commencement of an unlawful detainer action cannot support an FDCPA
4 claim, since unlawful detainer actions concern possession of real
5 property). Since Plaintiffs' allegations do not support drawing a
6 reasonable inference that U.S. Bank violated the FDCPA, U.S. Bank's
7 dismissal motion is GRANTED.

**C. LoanStar**

LoanStar argues Plaintiffs "have failed to articulate any actually illegal, false or fraudulent communication sent to Plaintiffs by [LoanStar]." (LoanStar & FATCO's Mot. 9:10-11.) Plaintiffs argue LoanStar violated the FDCPA when it sent them written communications dated April 6, 2010, and May 7, 2010, and February 22, 2011. (A. Kalnoki's Opp'n 9:19-17:5.)

**1. April 6, 2010 Letter**

Plaintiffs allege the following concerning the April 6, 2010 letter in their TAC:

> [The April 6, 2010] letter in pertinent part states: "The current creditor to whom the debt is owed is WELLS FARGO HOME MORTGAGE, INC." In fact, Defendants admitted at a later date that Wells Fargo Home Mortgage Inc., a defunct corporation[,] ceased to exist as of May 4, 2005. Thus since it was not in business in the year 2010, Wells Fargo Home Mortgage, Inc., could not have been the current creditor . . . . In addition, said letter misrepresented the amount owed by the Plaintiffs.
>
> . . .
>
> Said letter also contained attachments, which included a Notice of Default, Notice of Default and Election to Sell[,] and a Notice of Default Declaration. All the attachments were fraudulent in numerous ways . . . .
>
> Some of the more glaring representations include, but are not limited to, that the trustee received the originals of the Promissory Note and the Deed

7

1           of Trust for the Kalnoki Property, when in fact
2           they never did. . . .

3 Id. ¶¶ 14 & 16-17.

4       However, "[a]n allegedly false or misleading representation is
5 not actionable under the FDCPA unless it is material." Tourgeman v.
6 Collins Fin. Servs., Inc., No. 08-CV-1392, 2011 WL 3176453, at *5 (S.D.
7 Cal. July 26, 2011) (citing Donohue v. Quick Collect, Inc., 592 F.3d
8 1027, 1033 (9th Cir. 2010)). "A representation is material if 'the least
9 sophisticated debtor would likely be misled by a communication.'" Id.
10 (quoting Donohue, 592 F.3d at 1033). "The materiality requirement is
11 'not concerned with mere technical falsehoods that mislead no one, but
12 instead with genuinely misleading statements that may frustrate a
13 consumer's ability to intelligently choose his or her response.'" Id.
14 (quoting Donohue, 592 F.3d at 1034).

15       Plaintiffs' conclusory allegations do not support drawing a
16 reasonable inference that the information in LoanStar's April 6, 2010
17 letter, if false, would "frustrate [Plaintiffs'] ability to
18 intelligently choose [their] response" to LoanStar's letter. Id.
19 Therefore, Plaintiffs have not alleged an actionable FDCPA claim against
20 LoanStar based on the April 6, 2010 letter.

21     **2. May 7, 2010 Letter and Payoff Quote**

22       LoanStar argues "Plaintiffs have not articulated a single
23 reason why any of the amounts included in the payoff quote are false or
24 fraudulent." (LoanStar & FATCO's Mot. 5:15-16.) Plaintiffs counter that
25 "[b]oth the [payoff quote] and the May 7, 2010 letter it is attached to
26 are false, since the amount stated is false and fraudulent." (A.
27 Kalnoki's Opp'n 13:24-26.)

28

8

>Plaintiffs allege in their TAC:
>
>>On May 7, 2010, [LoanStar] sent a letter to . . . Plaintiffs informing them what the 'Payoff Quote' [that they requested] was, but never sent a legally valid debt verification with an affidavit attached thereto from the creditor and/or the servicer. . . . The Payoff Quote contained false and fraudulent information, regarding the debt owed and the fees that [LoanStar] charged for the fraudulent and criminal acts it committed during this debt collection . . . . Said Document is false and is in violation of 15 U.S.C.A. [§] 1692 (e) which prohibits false and misleading acts by debt collectors.

(TAC ¶¶ 20-21.) However, these conclusory allegations are not entitled to the presumption of truth and do not support drawing a reasonable inference that LoanStar violated the FDCPA when it sent Plaintiffs the May 7, 2010 letter and payoff quote.

### 3. February 22, 2011 Trustee's Deed Upon Sale

LoanStar argues "[t]here is no reasonable basis to conclude that [it] was attempting to collect monies from Plaintiffs" concerning the Trustee's Deed Upon Sale. (LoanStar & FATCO's Mot. 9:6-7.) Plaintiffs do not address this argument. Plaintiffs allege the following concerning the Trustee's Deed Upon Sale:

>On February 22, 2011, [LoanStar] falsely represented to the Plaintiffs and to the public that it had the legal authority to sell Plaintiffs' Property to the highest bidder. Said written representation and act were false and fraudulent and were in violation of 15 U.S.C.A. section 1692 (e) which prohibits fraudulent and misleading acts by debt collectors.
>
>On February 22, 2011, [LoanStar] . . . generated a false and fraudulent document entitled Trustee's Deed Upon Sale, containing inaccuracies and willful misstatements in violation of the FDCPA which was disseminated through the U.S. Mail.

(TAC ¶¶ 25-26.)

9

1          However, a reasonable inference cannot be drawn from these
2    allegations that LoanStar was attempting to compel payment of
3    Plaintiffs' mortgage loan by informing them that the Deed of Trust had
4    been granted to U.S. Bank. Since Plaintiffs have not alleged facts from
5    which a reasonable inference can be drawn that LoanStar violated the
6    FDCPA when it sent Plaintiffs the April 6, 2010 letter, the May 7, 2010
7    letter nad payoff quote, and the February 22, 2011 Trustee's Deed Upon
8    Sale, LoanStar's dismissal motion is GRANTED.

9    **D. FATCO**

10         FATCO argues Plaintiffs "make[] no factual allegations
11   whatsoever against FATCO[] to support the claim that FATCO is a debt
12   collector, since FATCO is not the trustee under the Deed of Trust and
13   [did not] mail any documents to Plaintiffs." (LoanStar & FATCO's Mot.
14   9:1-2.) Plaintiffs do not address this argument in their opposition
15   briefs.

16         Plaintiffs' allegations concerning FATCO are comprised of the
17   following:

>           On June 16, 2010, . . . [FATCO] illegally and
>           fraudulently and without any legal or factual basis
>           compiled and manufactured a false and fraudulent
>           . . . Assignment of Deed of Trust . . . assigning
>           Plaintiffs' Property from Wells Fargo Bank, NA to
>           [US Bank]. . . .

22   (TAC ¶ 22.) However, Plaintiffs fail to allege facts from which a
23   reasonable inference can be drawn that FATCO "use[d] . . . the mails in
24   [a] business[,] the principal purpose of which [was] the collection of
25   [Plaintiffs'] debt[.]" 15 U.S.C. § 1692a(6). Therefore, FATCO's
26   dismissal motion is GRANTED.

10

**IV. CONCLUSION**

For the stated reasons, each Defendant's dismissal motion is GRANTED. Plaintiffs are granted ten (10) days from the date on which this order is filed to file a Fourth Amended Complaint addressing the deficiencies in its FDCPA claims.

Dated: September 7, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge