1

2

3

4                        IN THE UNITED STATES DISTRICT COURT

5                      FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    ANDREW G. KALNOKI, individually,    )
     KATHI KALNOKI, individually,        )    2:11-cv-02816-GEB-DAD
8                                         )
                  Plaintiffs,             )
9                                         )    ORDER DISMISSING FOURTH
             v.                           )    AMENDED COMPLAINT
10                                        )
     FIRST AMERICAN LOANSTAR TRUSTEE      )
11   SERVICES LLC, WELLS FARGO HOME       )
     MORTGAGE, FIRST AMERICAN TITLE       )
12   INSURANCE COMPANY, and DOES 1-       )
     10,                                  )
13                                        )
                  Defendants.             )
14   _____ )

15           Defendants   First   American   LoanStar   Trustee   Servicing

16   Solutions, LLC ("LoanStar") and First American Title Insurance Company

17   ("FATCO") move under Federal Rule of Civil Procedure ("Rule") 12(b)(6)

18   for dismissal of Plaintiffs' Fourth Amended Complaint ("FAC"), which

19   comprises a claim alleged under the Federal Debt Collection Practices

20   Act ("FDCPA"). (Defs.' Mot. to Dismiss ("LoanStar/FATCO's Mot."), ECF

21   No. 61.) Defendants Wells Fargo Bank, N.A. d/b/a Wells Fargo Home

22   Mortgage ("Wells Fargo") and U.S. Bank National Association ("U.S.

23   Bank") also move under Rule 12(b)(6) for dismissal of the FAC. (Defs.'

24   Mot. to Dismiss ("Wells Fargo/U.S. Bank's Mot."), ECF No. 64.)

25   Plaintiffs oppose the motions.

26                            **I. LEGAL STANDARD**

27           Decision on Defendants' Rule 12(b)(6) dismissal motions

28   requires determination of "whether the complaint's factual allegations,

                                          1

together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The Court is "not, however, required to accept as true allegations that contradict exhibits attached to the Complaint." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citing Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

## II. FDCPA CLAIM

Each Defendant argues that Plaintiffs fail to state an actionable FDCPA claim against it. (LoanStar/FATCO's Mot. 10:6; Wells Fargo/U.S. Bank's Mot. 3:4-5.) "To plead entitlement to relief under the

FDCPA, Plaintiffs . . . must allege facts [from which a reasonable inference could be drawn] that (1) [each] Defendant was collecting debt as a debt collector, and (2) [each Defendant']s debt collection actions . . . violat[ed the FDCPA]." <u>Schlegel v. Wells Fargo Bank, N.A.</u>, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011) (citing <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573 (2010)).

The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The . . . issue of whether [a] Defendant's actions would otherwise merit relief, [need not be reached if a] Defendant does not fall within the definition of a debt collector." <u>Schlegel</u>, 799 F. Supp. 2d at 1103.

**A. Defendants LoanStar and FATCO**

Defendants LoanStar and FATCO argue that Plaintiffs' FDCPA claim should be dismissed since these "Defendants are not, and cannot be, debt collectors under the FDCPA, as a matter of law." (LoanStar/FATCO's Mot. 11:7-8.) Plaintiff Andrew Kalnoki rejoins that "[b]oth LoanStar and FATCO are debt collectors, because their illegal activities are so intertwined that it is impossible to know which of them did what, and when, in the illegal debt collection proceeding herein," and "[t]he case law on the issue of whether a substitute foreclosure trustee law firm is a debt collector is settled." (Pl. Andrew Kalnoki's Opp'n to LoanStar/FATCO's Mot. 7:15-19, ECF No. 65.) Plaintiff Kathi Kalnoki argues that "[t]here is no credible assertion that all the Defendants herein are not debt collectors, or that they

come under any of the exceptions under the FDCPA." (Pl. Kathi Kalnoki's

Opp'n to LoanStar/FATCO's Mot. 7:19-20, ECF No. 66.)

Plaintiffs make the following conclusory or unsupported

allegations that LoanStar and FATCO are debt collectors:

> 27. [The April 6, 2010,] letter, in addition to the
> false representations, also informed the Plaintiffs
> that [LoanStar] was a debt collector and all
> information obtained from the Plaintiffs was for
> the purpose of collecting a debt, and what other
> rights the Plaintiffs had under the mandate of the
> FDCPA. . . . The documents speak for themselves,
> and are fully incorporated herein word for word and
> the material misrepresentations are apparent
> therein.

> . . .

> 58. All the Defendants herein were debt collectors
> herein within the meaning of 15 U.S.C. section
> 1692a(6).

> . . .

> 78. Entities, such as Defendants [LoanStar] and
> [FATCO] as attorneys, who were named solely as a
> debtor's trustee for the purpose of conducting an
> illegal foreclosure sale, do not come under any
> exception under the FDCPA, and are debt collectors.

> . . .

> 80. In nearly each every and/or all of the
> [LoanStar] letters and other documents to the
> Plaintiffs sent through the U.S. Mail, the
> following language can be found: "First American
> LoanStar Trustee Services, LLC., MAY BE ACTING AS A
> DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY
> INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE."

> . . .

> 83. Based upon the above, all the Defendants were
> debt collectors, and violated the federal mandate
> set forth in 15[] U.S.C. section 1692 et[] seq.

> . . .

> 153. The [Payoff Quote] document requests that the
> payment be made to Wells Fargo . . . via LoanStar
> which further shows that it was an illegal debt
> collection and Wells Fargo . . . , as well as
> LoanStar, were debt collectors.

. . .

206. All the Defendants herein were debt collectors throughout the entire illegal debt collection process involving the Plaintiffs' Property. . . .

207. Defendants' letters to the Plaintiffs, in compliance of the FDCPA specifically state that they were attempting to collect a debt and were debt collectors. . . .

(FAC ¶¶ 27, 58, 78, 80, 82, 153, 206-07.) Plaintiffs' "conclusory allegation[s in these paragraphs] that [Defendants] are . . . 'debt collectors' . . . fail[] to demonstrate that Defendants are in the business of collecting debts." Damian v. N. Neon Operations, LLC, No. C 11-06416 DMR, 2012 WL 1438705, at *5 (N.D. Cal. Apr. 25, 2012).

Further, Plaintiffs' only statements with purported support for the allegation that LoanStar is a debt collector is in paragraph 27, which alleges that "[the April 6, 2010,] letter [from LoanStar] . . . informed the Plaintiffs that [LoanStar] was a debt collector." (FAC ¶ 27.) However, this statement is belied by the referenced letter, which Plaintiffs specifically "incorporate[] herein word for word." (Id.) That letter states in pertinent part: "[LoanStar] has been authorized by the Servicer/Creditor to initiate foreclosure proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan. . . . Please be advised that [LoanStar] may be considered a debt collector attempting to collect the above referenced debt." (FAC, Ex. D-2 (emphasis added).) "[A]side from th[ese] conclusory allegation[s] that '[LoanStar] may be [considered] a debt collector attempting to collect [the above referenced] debt,' the Court finds that the FAC does not allege facts to support the allegation that [LoanStar is a] debt collector[] within the meaning of the . . . FDCPA." Ines v. Countrywide Home Loans, Inc., No. 08cv1267 WQH (NLS), 2009 WL 690108, at *4 (S.D. Cal. Mar. 12, 2009) (citation omitted) (dismissing FDCPA claim for

1  failure to state a claim when the plaintiff had not alleged that a
2  defendant was a debt collector but only that a defendant "may be" a debt
3  collector).

4          Therefore, Plaintiffs' allegations are insufficient to state
5  a plausible claim against these movants under the FDCPA since
6  "[P]laintiffs [have not] ple[d] factual content that allows the court to
7  draw a reasonable inference that" either LoanStar or FATCO is a debt
8  collector. Iqbal, 556 U.S. at 678. For the stated reasons, Plaintiffs'
9  claim is dismissed as against LoanStar and FATCO.

10 **B. Defendant Wells Fargo**

11         Defendant Wells Fargo argues that Plaintiffs' FDCPA claim
12 should be dismissed since "Wells Fargo may not be seen as a 'debt
13 collector' either before or after assignment of the note and deed of
14 trust to U.S. Bank." (Wells Fargo/U.S. Bank's Mot. 9:10-11.) Plaintiff
15 Andrew Kalnoki rejoins that "letters were sent out numerous times
16 advising that Wells Fargo Bank, NA, is a debt collector." (Pl. Andrew
17 Kalnoki's Opp'n to Wells Fargo/U.S. Bank's Mot. ("Pl. A. Kalnoki's Opp'n
18 to Wells Fargo/U.S. Bank's Mot.") 11:1-2, ECF No. 67.) Plaintiff Kathi
19 Kalnoki argues that "Wells Fargo was never collection [sic] upon its own
20 debt [since] Wells Fargo was not the originator of the loan[, which] was
21 originally issued by Wells Fargo Home Mortgage, Inc., that had nothing
22 to do with Wells Fargo Bank, NA, at that time," and "[t]herefore Wells
23 Fargo is a Debt Collector under the mandate of the FDCPA." (Pl. Kathi
24 Kalnoki's Opp'n to Wells Fargo/U.S. Bank's Mot. ("Pl. K. Kalnoki's Opp'n
25 to Wells Fargo/U.S. Bank's Mot.") 7:26-8:3, 8:16, ECF No. 68.)

26         Plaintiffs make the following conclusory or unsupported
27 allegations that Wells Fargo is a debt collector:

28

17. . . . In [the March 22, 2010,] letter, Wells Fargo . . . identifies itself as a servicer and debt collector of a consumer debt.

58. All the Defendants herein were debt collectors herein within the meaning of 15 U.S.C. section 1692a(6).

. . .

63. Defendant Wells Fargo . . . is a debt collector under the above Federal statue [sic], since many of Wells Fargo['s] letters sent to the Plaintiffs specifically state, that the purpose of said letter was to collect a debt and it is in the business of collecting consumer debts by using the instrumentality of interstate commerce and the U.S. Mail in its business during the direct or indirect collection of debts.

. . .

65. In the above referred to letter, Wells Fargo . . . asserts and/or admits that it is a debt collector for the purpose of the consumer loan issued to the Kalnokis. In the alternative, if Wells Fargo . . . now takes the position that it is not a debt collector, then the above letter is inaccurate, false and fraudulent, and is in violation of the FDCPA, because it misstates who Wells Fargo . . . is, while attempting to collect a consumer debt.

66. Additionally, Wells Fargo . . . is a debt collector, since Wells Fargo . . . was not the beneficiary, creditor and/or lender of the loan to the Kalnokis, but rather at most only a servicer of the loan, whose purpose was the collection of a consumer debt under the guise of an illegal foreclosure of the property of a debtor, which in fact constituted mortgage fraud. Wells Fargo . . . also became involved in the foreclosure as servicer after the Kalnoki property was in default and purportedly assigned to U.S. Bank, NA, which makes it a debt collector.

. . .

81. Wells Fargo['s] letters . . . state that "IT IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE."

. . .

83. Based upon the above, all the Defendants were debt collectors, and violated the federal mandate set forth in 15[] U.S.C. section 1692 et[] seq.

. . .

125. The documents attached to the various pleadings, which are incorporated herein word for word, conclusively establish that Wells Fargo . . . acted as a debt collector.

. . .

127. It is also conceded by [Wells Fargo] that it was a debt collector on March 22, 2010, when it wrote the debt collection letter to the Plaintiffs. "Wells Fargo Bank, NA is required by the [FDCPA] to inform you, that if your loan is currently delinquent or in default, **as your loan servicer, we will be attempting to collect a debt and any information obtained will be used for that purpose.** However, if you have received a discharge of this debt in bankruptcy or **are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt, and we have a security interest in the property and will only exercise our rights as against the property.**" See Exhibit B attached to the Amended Complaint. (emphasis added)

. . .

129. Wells Fargo . . . at the time the above letter was written, admittedly acted as a debt collector in relation to the Plaintiffs' debt.

. . .

141. The Substitution of Trustee herein is void, and the purported non-judicial foreclosure herein is illegal. Wells Fargo . . . acted as a debt collector as is defined by 15 U.S.C. section 1692a(6) and did not come under any exception thereto.

. . .

153. The [payoff quote] document requests that the payment be made to Wells Fargo . . . via LoanStar which further shows that it was an illegal debt collection and Wells Fargo . . . , as well as LoanStar, were debt collectors.

. . .

176. Wells Fargo . . . admitted that it is a debt collector in nearly all of its correspondence to the Plaintiffs.

. . .

190. In one of the letters written by Wells Fargo . . . , as a debt collector, to the Plaintiffs urged them to make the monthly installment, and represented that Wells Fargo . . . was servicer, and a debt collector. . . .

. . .

206. All the Defendants herein were debt collectors throughout the entire illegal debt collection process involving the Plaintiffs' Property. . . .

207. Defendants' letters to the Plaintiffs, in compliance of the FDCPA specifically state that they were attempting to collect a debt and were debt collectors. . . .

(FAC ¶¶ 17, 58, 63, 65–66, 81, 83, 125, 127, 129, 141, 153, 176, 190, 206–07.) Plaintiffs' conclusory allegations in these paragraphs insufficiently allege that Wells Fargo is a debt collector.

Although Plaintiffs in paragraphs 17, 65, and 127, purport to rely on the letter dated March 22, 2010, and attached to the FAC, as support for their allegation that Wells Fargo is a debt collector, the referenced document is insufficient to support this allegation. These paragraphs allege the following: "In [its March 22, 2010,] letter, Wells Fargo . . . identifies itself as a servicer and debt collector of a consumer debt," (id. ¶ 17); "In the [March 22, 2010,] letter, Wells Fargo . . . asserts and/or admits that it is a debt collector for the purpose of the consumer loan issued to the Kalnokis" (id. ¶ 65); and, "It is also conceded by [Wells Fargo] that it was a debt collector on March 22, 2010, when it wrote the debt collection letter to the Plaintiffs." (Id. ¶ 127.)

The letter dated March 22, 2010, states in pertinent part:

> Wells Fargo . . . is required by the [FDCPA] to
> inform you that if your loan is currently
> delinquent or in default, as your loan servicer, we
> will be attempting to collect a debt and any
> information obtained will be used for that purpose.
> However, if you have received a discharge and the
> loan was not reaffirmed in the bankruptcy case,
> Wells Fargo . . . will only exercise its right as
> against the property and is not attempting any act
> to collect the discharge debt from you personally.

(FAC, Ex. B.) The letter makes no statement that Wells Fargo is a debt collector, and Wells Fargo refers to itself only as a "loan servicer," which does not fall under the FDCPA definition of a "debt collector." See Lal v. Am. Home Serv. Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010).

"[P]laintiffs [have not] ple[d] factual content that allows the court to draw a reasonable inference that" Wells Fargo is a debt collector, Iqbal, 556 U.S. at 678, and therefore they have not "state[d] a plausible claim for relief." Gen. Dynamics C4 Sys., 637 F.3d at 1054 (citing Iqbal, 556 U.S. at 678-79). For the stated reasons, Plaintiffs' claim as against Wells Fargo is dismissed.

**C. Defendant U.S. Bank**

Defendant U.S. Bank argues that "Plaintiffs must . . . show that U.S. Bank engaged in 'collection activity' which it has not done." (Wells Fargo/U.S. Bank's Mot. 6:15-16.) Further, U.S. Bank argues that since it "did not pursue any strategy which had as its goal collection of money from the Plaintiffs[,] but rather took assignment simply for the purpose of foreclosure[,] . . . there is no basis upon which to hold it a debt collector simply because of the timing of the assignment." (Id. 9:26-10:1.) Plaintiff Kathi Kalnoki argues that U.S. Bank was "a debt collector under the FDCPA [since] if [a] mortgage is assigned when it is in default the assignee is a debt collector under the FDCPA." (Pl. K. Kalnoki's Opp'n to Wells Fargo/U.S. Bank's Mot. 8:19-23.) Plaintiff

Andrew Kalnoki argues that "U.S. Bank, NA, fraudulently, without any basis whatsoever, purportedly purchased the Kalnoki Debt while it was in default and fraudulently 'non-judicially foreclosed' upon the Kalnoki Property, thus it is a debt collector under the FDCPA." (Pl. A. Kalnoki's Opp'n to Wells Fargo/U.S. Bank's Mot. 16:16–19 (citing 15 U.S.C. § 1692a(6); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373 (4th Cir. 2006)).) Plaintiff Andrew Kalnoki further argues that U.S. Bank

> engaged in activities that are prohibited by the FDCPA, including, but not limited to, that [it] received the false and fraudulent assignment of the Kalnoki Property, when [it] did not; . . . that [it] had a right to foreclose on the Kalnoki Property, when [it] did not; that [it] had the right to pursue an Unlawful Detainer action when [it] did not.

(Id. 16:22–17:2.)

Plaintiffs make the following non-conclusory allegations that U.S. Bank is a debt collector:

> 67. Creditors who take an assignment of the debt while the debt is in default, as did U.S. Bank, NA, in this matter, are subject to the [FDCPA] as debt collectors. U.S. Bank, NA, took an assignment of the Kalnoki debt, well after the Kalnokis defaulted, and their home was in the process of being purportedly foreclosed upon, through a fraudulent assignment by a criminal enterprise, [LoanStar], who had no legal and/or factual authority to make the assignment.
> . . .
> 179. U.S. Bank, NA, fraudulently, without any basis whatsoever, purportedly purchased the Kalnoki Debt while it was in default and foreclosed upon, thus it is a debt collector under the FDCPA, and does not come under any exception.

(FAC ¶¶ 67, 179.) The Notice of Default was filed on April 2, 2010, (id., Ex. D at 3), and the Deed of Trust was assigned to U.S. Bank on June 16, 2010. (Id., Ex. G.) "[B]ecause [U.S. Bank] obtained the debt in the present case after it was already in default, the FAC sufficiently

11

alleges that [U.S. Bank] qualifies as a debt collector under the FDCPA." Katz v. Aurora Loan Servs., LLC, No. 11-cv-1806-IEG (POR), 2012 WL 78399, at *3 (S.D. Cal. Jan. 10, 2012) (citing 15 U.S.C. § 1692a(6)).

However, Plaintiffs must also sufficiently allege that U.S. Bank "was collecting debt . . . , and [that U.S. Bank']s debt collection actions . . . violat[ed the FDCPA]." Schlegel, 799 F. Supp. 2d at 1103 (citing Jerman, 559 U.S. 573). Plaintiffs make the following conclusory allegations concerning U.S. Bank's debt collection actions:

> 13. During the above referred to illegal debt collection proceeding [instituted by Wells Fargo], through use of the U.S. Mail, Defendants sent inaccurate, misleading, false and/or fraudulent statements and/or documents to the Plaintiffs . . . misrepresenting material facts to mislead the debtors . . . in violation of 15 U.S.C. section 1692 et seq.

> 14. All the letters, notices, and other fabricated documents sent to the Plaintiffs by the Defendants were materially false and was solely calculated to collect a consumer debt . . . .

> 15. . . . It is alleged that each, every and/or all of the letters and documents compiled and mailed to the Plaintiffs, by any of the Defendants is misleading, false, and/or fraudulent, since none of the Defendants had any standing and/or legal authority to commit the acts they have committed or make the representations they had made, during this illegal debt collection proceeding, more appropriately viewed as massive mortgage fraud. In every instance where any written or oral communication was made by any of the defendants, such communication was false as a matter of law under the FDCPA, since Defendants, as [sic] a minimum, misrepresented their authorities, which is a material violation of the FDCPA and thus, caused injuries and damages to the Plaintiffs. In reality non [sic] of the Defendants had the authority they falsely represented they had, as the [sic] moved forward with this mortgage fraud.

> . . .

> 48. At the present time, [U.S. Bank], as trustee, falsely represents to the Courts, including this one, that [U.S. Bank], as trustee, and the trust are the legitimate owners of the Kalnokis' Property

when they are in fact not, and is falsely and/or fraudulently extorting $1,950.00 every month from the Plaintiffs in violations of the FDCPA. [U.S. Bank] is collecting a consumer debt from the Plaintiffs without any legal basis and knowingly defrauding the Plaintiffs at this time.

(FAC ¶¶ 13-15, 48.)

The remainder of Plaintiffs' allegations related to U.S. Bank concern actions by U.S. Bank that are not considered "debt collection" under the FDCPA. "Although some actions that pertain to foreclosure, such as writing letters to a debtor demanding payment, may constitute debt collection, filing a notice of default or filing a notice of trustee's sale does not amount to debt collection actionable under § 1692e." Gwin v. Pac. Coast Fin. Servs., No. 09CV2734 BTM BLM, 2010 WL 1691567, at *6 (S.D. Cal. Apr. 23, 2010) (citation omitted) (citing Wilson v. Draper & Goldberg P.L.L.C., 443 F.3d 373 (4th Cir. 2006). "[N]on judicial foreclosure actions do not constitute 'debt collection activity' under the FDCPA." Williams v. Bank of Am., No. 2:12-CV-2513 JAM AC, 2013 WL 1907529, at *6 (E.D. Cal. May 7, 2013) (citing Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)). Further, "an unlawful detainer action [is] not . . . 'debt collection' under the FDCPA because it seeks to recover property rather than money." Leasure v. Willmark Cmtys., Inc., Civil No. 11-cv-0443-L (DHB), 2012 WL 4361555, at *6 n.4 (S.D. Cal. Sept. 21, 2012) (citing Arvizu v. GMAC Mortg., LLC, 2011 WL 1087157, at *3-4 (E.D. Cal. Mar. 23, 2011)).

Here, Plaintiffs' additional allegations against U.S. Bank pertain to the actions of filing a notice of trustee's sale-which is alleged in paragraphs 35 and 37 of Plaintiffs' complaint; foreclosing on a property pursuant to a deed of trust-which is alleged in paragraphs 40, 42, 44, 89, 108, and 110 of Plaintiffs' complaint; and filing an unlawful detainer action-which is alleged in paragraphs 47, 52, 180, and

185 of Plaintiffs' complaint. (FAC ¶¶ 35, 37, 40, 42, 44, 47, 52, 89, 108, 110, 180, 185.) None of these actions are "debt collection within the meaning of the [FDCPA]." <u>Arvizu</u>, 2011 WL 1087157, at *3-4. Plaintiffs' allegations are therefore insufficient to state a plausible claim under the FDCPA since "[P]laintiffs [have not] ple[d] factual content that allows the court to draw a reasonable inference that" U.S. Bank engaged in debt collection actions. <u>Iqbal</u>, 556 U.S. at 678. For the stated reasons, Plaintiffs' claim is dismissed as against U.S. Bank.

## III. CONCLUSION

For the stated reasons, Plaintiffs' Complaint is DISMISSED. However, Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a fifth amended complaint addressing the deficiencies in their FDCPA claim. Plaintiffs are notified that failure to file an amended complaint within the prescribed time period could result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

Dated:  June 24, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

14