1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7

8   ANDREW G. KALNOKI,              2:11-cv-02816-GEB-DAD
    KATHI KALNOKI,
9                                   ORDER DISMISSING SIXTH AMENDED
              Plaintiffs,           COMPLAINT; AND DENYING MOTION
10                                  FOR LEAVE TO AMEND

11       v.

12  FIRST AMERICAN LOANSTAR
    TRUSTEE SERVICES LLC,
13  WELLS FARGO HOME MORTGAGE,
    FIRST AMERICAN TITLE
14  INSURANCE COMPANY, U.S. BANK
    NATIONAL ASSOCIATION, AS
15  GRANTOR TRUSTEE FOR THE
    HOLDERS OF BEAR STEARNS ARM
16  TRUST, GRANTOR
    TRUST CERTIFICATES, SERIES
17  2005-2, AND
    DOES 1 THROUGH 10,[1]
18
              Defendants.
19

20            Defendants  First  American  LoanStar  Trustee  Servicing,

21  LLC  ("LoanStar")  and  First  American  Title  Insurance  Company

22  ("FATCO")  jointly  move  under  Federal  Rule  of  Civil  Procedure

23  ("Rule")  12(b)(6)  for  dismissal  of  Plaintiffs'  Sixth  Amended

24  ─────────────────
    [1] The above caption lists Defendant U.S. Bank National Association, as Grantor
25  Trustee for the Holders of Bear Stearns ARM Trust, Grantor Trust Certificates,
    Series 2005-2 ("U.S. Bank, NA") even though Plaintiffs' Sixth Amended
26  Complaint ("SAC") omits U.S. Bank, NA from its caption, since U.S. Bank, NA is
    alleged to be a Defendant in the body of the SAC and U.S. Bank moves for
27  dismissal of the SAC. Further, the above caption omits Wells Fargo Home Equity
    ("WFHE"), even though this party is listed in SAC's caption, since Plaintiffs
28  voluntarily dismissed WFHE on February 20, 2012, (ECF No. 32), and Plaintiffs
    subsequent complaints fail to contain any allegations against WFHE.

                                    1

Complaint ("SAC") with prejudice. Defendants Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage ("Wells Fargo Bank, NA") and U.S. Bank National Association, as grantor Trustee for the holders of Bear Stearns ARM Trust, Grantor Trust Certificates, Series 2005-2 ("U.S. Bank, NA") also jointly move under Rule 12(b)(6) for dismissal of the SAC with prejudice, and move to strike certain allegations in the SAC. The SAC only alleges claims under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs oppose each motion.

Further, after the dismissal motions were filed, on February 21, 2014, Plaintiffs filed a motion for leave to amend the SAC, to which they attached a proposed Seventh Amended Complaint. In the proposed Seventh Amended Complaint, Plaintiffs allege the following claims: 1) violation of the FDCPA; 2) violation of section 17200 of the California Business and Professional Code; 3) conspiracy; 4) intentional infliction of emotional distress; 5) wrongful foreclosure; 6) quiet title; 7) slander of title; 8) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and 9) fraudulent conversion of real property. Plaintiffs also name the following additional Defendants in the proposed Complaint: Freddie Mac; Wells Fargo Securities Corporation, Mortgage Pass Through Certificates, Series 2005-AR3; and The Bear Stearns Arm Grantor Trust Certificates Series 2005-2. Defendants LoanStar, FATCO, Wells Fargo Bank, NA, and U.S. Bank, NA oppose the motion to amend.

## I.   DISMISSAL MOTIONS

### a. Factual Allegations

The dismissal motions concern the following factual

allegations in the SAC. "On February 17, 2004, Plaintiffs obtained a consumer loan from Wells Fargo Home Mortgage, Inc., by refinancing their former home ["the Property"] . . . ." (SAC ¶ 11.) "In December of 2009, . . . Plaintiffs fell behind on their mortgage payments." (Id. ¶ 12.) "On April 2, 2010, Wells Fargo Bank, NA, mailed to the Plaintiffs a Notice of Default package, and commenced an illegal debt collection, falsely labeled as a 'non-judicial foreclosure' . . . ." (Id. ¶ 13.)

"Wells Fargo Home Mortgage, Inc., who originally issued the loan to [Plaintiffs] . . . is not the same entity as Wells Fargo Bank, NA . . . ." (Id. ¶ 95.) "Wells Fargo Bank, NA, was never the title-holder of the . . . Property in the land records, and had no connection whatsoever to [Plaintiffs'] loan and/or property, or any ownership and/or security interest therein." (Id. ¶ 87.) Rather, "[t]he owners/beneficiaries of the . . . Property at the time of the commencement of the illegal debt collection proceedings herein were, and now are, the holders of Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, series 2005-AR3, with Freddie Mac as their Trustee." (Id. ¶ 15.)

"Wells Fargo Bank, NA, . . . substituted . . . LoanStar[] as the foreclosure trustee, [on April 1, 2010.]" (Id. ¶ 19; see id. ¶ 84.) "LoanStar was not substituted in by the Lender, since Wells Fargo Bank, NA . . . was not the Lender, and/or had any ownership or security interest in the . . . Property, [and] thus was without any authority whatsoever[] to substitute a Trustee." (Id. ¶ 21.) "Since LoanStar was not the properly substituted Trustee, all of the acts performed by

3

1  LoanStar during the illegal debt collection herein were . . . in
2  violation of [the FDCPA]." (Id. ¶ 23.)

3        "During the illegal debt collection herein, Wells Fargo
4  Bank, NA, also . . . assigned the Deed of Trust and Promissory
5  Note, neither of which it owned, to U.S. Bank, NA . . . ." (Id. ¶
6  27.) "[T]he foreclosure thereafter by U.S. Bank, NA, [was]
7  wrongful, . . . in violation of [the FDCPA]." (Id. ¶ 111.)

8        "On February 22, 2011, during the illegal foreclosure
9  sale, . . . U.S. Bank, NA, pursuant to a perjured Trustee's Deed
10 Upon Sale, manufactured by LoanStar, and recorded by FATCO,
11 became the fraudulent record owner of the . . . Property." (Id. ¶
12 33.)[2]

13       **b. Discussion**

14       Each Defendant's dismissal motion is premised, inter
15 alia, on the argument that it is not a "debt collector" within
16 the meaning of the FDCPA; however, since no Defendant
17 specifically argued that the SAC fails to contain sufficient
18 factual allegations to raise a plausible claim that any Defendant
19 is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6),
20 the court sua sponte granted leave to each party to file a
21 supplemental brief on this issue. (Minute Order, ECF No. 121.)

22 ─────────────────
23 [2] In the body of the SAC, Plaintiffs name "the holders of the Bears Stearns
   Arm Grantor Trust Certificates, Series 2005-2," ("holders") as Defendants.
24 (SAC ¶ 3.) Previously, in the Third, Fourth, and Fifth Amended Complaints,
   Plaintiffs also named the holders as Defendants. However, Plaintiffs were
   never authorized to add these Defendants, since Plaintiffs did not name them
25 in the Second Amended Complaint, and the Order dismissing the Second Amended
   Complaint granted Plaintiffs leave to amend "solely for the purpose of
26 amending the[] FDCPA claims [alleged therein]." (Order Dismissing Second
   Amended Compl. 8:13-14, ECF No. 34.) Therefore the allegation in the SAC
27 naming the holders as Defendants is stricken. See F.D.I.C. v. Kooyomjian, 220
   F.3d 10, 15 (1st Cir. 2000)(noting "the district court did not abuse its
   discretion by striking" claims which the Court never granted leave to add.)
28

                                    4

1  The Minute Order granting this leave also reversed the following

2  ruling filed in this action on June 25, 2013, finding it was

3  erroneous and therefore it was withdrawn: "[B]ecause [U.S. Bank]

4  obtained the debt in the present case after it was already in

5  default, the [Fourth Amended Complaint] sufficiently alleges that

6  [U.S. Bank] qualifies as a debt collector under the FDCPA."

7  Kalnoki v. First Am. LoanStar Tr. Servs. LLC, 2:11-CV-02816-GEB,

8  2013 WL 3242173, at *6 (E.D. Cal. June 25, 2013). (See Minute

9  Order, ECF No. 121.)

10       Defendants Wells Fargo Bank, NA and U.S. Bank, NA

11  jointly filed a supplemental brief on the sufficiency of pleading

12  issue, in which they argue Plaintiffs failed to adequately allege

13  they are debt collectors. Plaintiffs also filed a supplemental

14  brief in which they argue in a conclusory manner that the SAC is

15  "factually extensive," and "contain[s] all of the factual bases

16  one can think of in support of the FDCPA violations." (Pls.'

17  Supplemental Br. 2:5-7, 2:11-14, ECF No. 122.) However,

18  Plaintiffs' conclusory allegations are insufficient to support

19  drawing a plausible inference that any Defendant is a debt

20  collector within the meaning of § 1692a(6).

21       § 1692a(6) prescribes in pertinent part:

22       The term "debt collector" means any person
         who uses any instrumentality of interstate
23       commerce or the mails in any business the
         principal purpose of which is the collection
24       of any debts, or who regularly collects or
         attempts to collect, directly or indirectly,
25       debts owed or due or asserted to be owed or
         due another . . . . For the purpose of
26       section 1692f(6) . . . , such term also
         includes any person who uses any
27       instrumentality of interstate commerce or the
         mails in any business the principal purpose
28       of which is the enforcement of security

5

interests.

§ 1692a(6). "Because [§§ 1692d-1692f] apply only to 'debt collector[s]' as defined by the FDCPA,", to survive a dismissal motion, a "complaint [must] provide [a] factual basis from which [a court] could plausibly infer that the principal purpose of [the defendant's] business is debt collection" or that the defendant "'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Schlegel v. Wells Fargo Bank, N.A., 720 F.3d 1204, 1208-09 (9th Cir. 2013).

A § 1692f(6) FDCPA claim survives a dismissal motion only if it contains sufficient factual allegations from which a court could reasonably infer that the "principal purpose" of a defendant's business is "the enforcement of security interests." § 1692a(6); see Schlegel, 720 F.3d at 1208 ("[T]he complaint must plead 'factual content that allows the court to draw the reasonable inference' that [Defendant] is a debt collector." (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))).

**i.   U.S. Bank, NA**

The SAC contains the following allegations concerning Plaintiffs' assertion that U.S. Bank, NA is a debt collector:

> 50. Creditors who take an assignment of the debt, while the debt is in default, as U.S. Bank, NA did in this matter, are subject to the Federal Fair Debt Collection Practices Act as debt collectors . . . ."
>
> 51. U.S. Bank, NA, albeit illegally, took the assignment of the Kalnokis' debt, well after Kalnokis defaulted, thus as a matter of law it was a debt collector.
>
> 189. U.S. Bank, NA, unequivocally was a debt collector since it acquired the Kalnokis'

6

1

> debt after default, and while their property
> was in a fraudulent non-judicial foreclosure,
> all in violation of the mandate of the FDCPA
> . . . .

2

3

4    (SAC ¶¶ 50-51, 189.)

5            Plaintiffs' allegations fail to support drawing a

6    plausible inference that U.S. Bank, NA is a debt collector within

7    the meaning of § 1692a(6). Therefore, the FDCPA claims against

8    U.S. Bank, NA are dismissed. See Schlegel, 720 F.3d at 1208-09

9    (finding the allegation that "[Defendant] is in the business of

10   collecting debts and uses instrumentalities of interstate

11   commerce in that business" was insufficient to provide a factual

12   basis from which the court could infer the "principal purpose" of

13   Defendant's business is debt collection or that Defendant

14   "regularly collects debts owed to someone other than" Defendant.)

15        **ii.  Wells Fargo Bank, NA**

16            The SAC contains the following allegations concerning

17   Plaintiffs' assertion that Wells Fargo Bank, NA is a "debt

18   collector":

19
> 47. . . . Wells Fargo Bank, NA, is a debt
> collector, since Wells Fargo Bank, NA, was
> not the beneficiary, creditor and/or lender
> of the loan to the Kalnokis, but rather an
> unauthorized debt collector, who fraudulently
> misrepresented its authority, capacity, and
> the amount of the debt owed, and ultimately
> stole $437,280.54 from the Plaintiffs. . . .

20

21

22

23
> 164. . . . Wells Fargo Bank, NA, is a
> fraudulent debt collector . . . .

24

25
> 191. Wells Fargo Bank, NA, was not collecting
> on its own debt as is fraudulently claimed,
> but rather it was collecting a debt on behalf
> of others . . . .

26

27   (SAC ¶¶ 47, 164, 191.)

28

7

1    Plaintiffs also allege in the SAC: "Wells Fargo Bank,

2  NA, is a debt collector, since its letters so state. . . ." (SAC

3  ¶ 90.) A letter from Wells Fargo Bank, NA, attached as an exhibit

4  to the SAC states, in part: "Wells Fargo Bank, NA is required by

5  the Fair Debt Collection Practices Act to inform you that if your

6  loan is currently delinquent or in default, as your loan

7  servicer, we will be attempting to collect a debt and any

8  information obtained will be used for that purpose." (SAC. Ex. F-

9  1, ECF No. 103-2.)

10    However, Plaintiffs' allegations, including the

11  referenced letter, fail to evince that Wells Fargo Bank, NA is a

12  debt collector within the meaning of § 1692a(6). Therefore,

13  Plaintiffs' FDCPA claims against Wells Fargo Bank, NA are

14  dismissed. See Schlegel, 720 F.3d at 1208-09; cf. Ines v.

15  Countrywide Home Loans, Inc., 08-CV-1267-WQH-NLS, 2009 WL 690108,

16  at *4 (S.D. Cal. Mar. 12, 2009)(noting that the allegation that

17  Defendants' letter to Plaintiff stated "'Defendants may be a debt

18  collector attempting to collect a debt,' . . . does not allege

19  facts to support the allegation that Defendants are debt

20  collectors [within the meaning of the FDCPA].")

21        **iii. LoanStar**

22    The SAC contains the following allegations concerning

23  Plaintiffs' assertion that LoanStar is a "debt collector":

24        64. In [a] letter to the Plaintiffs, dated
           April 6, 2010, First American LoanStar
25         Services, LLC, sent through the U.S. Mail,
           the following language can be found: "Please
26         be advised that First American LoanStar
           Trustee Services, LLC, may be construed as a
27         debt collector attempting to collect the
           above referenced debt. Any information
28         obtained from you may be used for that

purpose  . . . ." The above quoted admission, coupled with the content of said letter, i.e. being the five day collection notice, in an attempt to comply with the mandate of 15 U.S.C. section 1692(g), shows, that LoanStar was a debt collector.

186. Defendant LoanStar was a debt collector, since its letters indicated that it was collecting debt.

(SAC ¶¶ 64, 186.)

Plaintiffs' allegations are insufficient to support drawing a plausible inference that LoanStar is a debt collector. Therefore, the FDCPA claims against LoanStar are dismissed. See Schlegel, 720 F.3d at 1208-09; cf. Ines, 2009 WL 690108, at *4.

### iv. FATCO

The SAC contains the following allegation concerning Plaintiffs' assertion that FATCO is a "debt collector":

188. FATCO was a debt collector, since it manufactured fraudulent documents to accommodate the conspiracy herein, and mailed them with false information to the Plaintiffs and to the Sacramento County Recorder's Office to be recorded, which constitutes, among others but not limited to, mortgage fraud, and mail fraud, both felonies.

(SAC ¶ 188.)

This allegation fails to support drawing a plausible inference that FATCO is a debt collector. See Schlegel, 720 F.3d at 1208-09. Therefore, the FDCPA claims against FATCO are dismissed.

### II. MOTION FOR LEAVE TO AMEND AND DECISION ON WHETHER DISMISSAL OF SIXTH AMENDED COMPLAINT IS WITH PREJUDICE

Each Defendant seeks to have the SAC dismissed with prejudice, and Plaintiffs seek leave to file a proposed Seventh

9

1   Amended Complaint.   Plaintiffs seek in their proposed amended
2   complaint to sue three additional Defendants; add a RICO claim
3   and seven state law claims; and to re-allege their FDCPA claims.
4   Each Defendant opposes Plaintiffs' motion to amend.

5        **a. Failure to Comply With Local Rule 220**

6        Plaintiffs' proposed Seventh Amended Complaint does not
7   comply with Local Rule 220. That Rule states, in pertinent part:

8           Unless prior approval to the contrary is
            obtained from the Court, every pleading to
9           which an amendment or supplement . . . has
            been allowed by court order shall be retyped
10          and filed so that it is complete in itself
            without reference to the prior or superseded
11          pleading. No pleading shall be deemed amended
            or supplemented until this Rule has been
12          complied with. All changed pleadings shall
            contain copies of all exhibits referred to in
13          the changed pleading.

14  E.D. Cal. L.R. 220.

15       Plaintiffs' proposed Seventh Amended Complaint violates
16  this local rule by incorporating by reference exhibits attached
17  to Plaintiffs' SAC. (<u>See e.g.,</u> Proposed Seventh Amended Complaint
18  ¶ 11, 18, 19, 33, 45, 52, 55, 56, 71, 72, 74, 82, 84, ECF No.
19  112-1.) However, the merits of Plaintiffs' amendment motion will
20  nevertheless be decided.

21       **b. Whether Leave is Granted to Join Additional Defendants.**

22       Plaintiffs seek to join the following additional
23  parties in their proposed Seventh Amended Complaint: Freddie Mac;
24  Wells Fargo Securities Corporation, Mortgage Pass Through
25  Certificates, Series 2005-AR3; and the Bear Stearns Arm Grantor
26  Trust Certificates Series 2005-2. However, the proposed Seventh
27  Amended Complaint lacks non-conclusory allegations against any of
28  these proposed Defendants.

1           Specifically, Plaintiffs' claims against Freddie Mac

2    are premised on the allegation that Freddie Mac served as

3    "Trustee" for the Wells Fargo Asset Securities Corporation,

4    Mortgage Pass-Through Certificates, Series 2005-AR3. (E.g.,

5    Proposed Seventh Amended Compl. ¶ 55.) Plaintiffs allege that

6    Freddie Mac's status as "Trustee" "was conclusively established

7    through the Collateral Term Sheet, Form 8-K filed with the SEC,"

8    which Plaintiffs attached as Exhibit B to the SAC. (Id.) However,

9    the referenced exhibit does not contain information concerning

10   Freddie Mac. Therefore, Plaintiffs have not shown that the

11   allegations in the proposed Seventh Amended Complaint support

12   drawing a plausible inference that Freddie Mac was Trustee for

13   the referenced Mortgage Pass-Through Certificates. Furthermore,

14   Plaintiffs' allegations that Freddie Mac orchestrated hundreds of

15   "fraudulent" foreclosures on a nationwide scale, and that

16   "Freddie Mac had a controlling interest to finance and reinvest

17   the proceeds from its nationwide racketeering scheme, in

18   furtherance of its criminal goals," are unsupported and

19   conclusory. (Id. ¶¶ 313, 309.)

20           Moreover, the proposed Complaint does not contain any

21   specific allegations of wrongdoing committed by the Wells Fargo

22   Securities Corporation, Mortgage Pass Through Certificates,

23   Series 2005-AR3, and the Bear Stearns Arm Grantor Trust

24   Certificates Series 2005-2.

25           Plaintiffs also mention a fourth new Defendant in the

26   body of the proposed Complaint, "the holders of the Bear Stearns

27   Arm Grantor Trust Certificates Series 2005-2," (Id. ¶ 3);

28   however, the Complaint does not contain any allegations that the

11

1   referenced "holders" engaged in wrongdoing.

2         Since leave to amend may be denied where "where [a

3   proposed] amended complaint would . . . be subject to dismissal,"

4   this portion of Plaintiffs' motion is denied. Steckman v. Hart

5   Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); see also

6   Enriquez v. Aurora Loan Servs., LLC, 509 F. App'x 607, 608 (9th

7   Cir. 2013) (affirming denial of leave to amend where, inter alia,

8   "the proposed amended complaint did not state facts sufficient

9   under the Iqbal and Twombly standard . . . .")

10     **c. Whether Leave is Granted to Add the Proposed RICO Claim**

11         **and the State Law Claims Alleged Against LoanStar, FATCO,**

12         **Wells Fargo Bank, NA, and U.S. Bank, NA**

13         The amendment Plaintiffs seek includes adding a RICO

14  claim in this federal action, and the following six state law

15  claims against Defendants LoanStar, FATCO, Wells Fargo Bank, NA,

16  and U.S. Bank, NA: 1) conspiracy; 2) intentional infliction of

17  emotional distress; 3) wrongful foreclosure; 4) quiet title; 5)

18  slander of title; and 6) fraudulent conversion of real property.

19  Plaintiffs also seek leave to file a claim against LoanStar and

20  FATCO for violation of section 17200 of the California Business

21  and Professional Code. Each Defendant opposes the motion, arguing

22  it should be denied since Plaintiffs have unduly delayed in

23  seeking leave to file these claims.

24         Delay in bringing a motion for leave to amend is a

25  factor to consider when deciding whether to grant an amendment

26  motion. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,

27  1079 (9th Cir. 1990). In evaluating this delay factor, courts

28  inquire whether "delay between the time of obtaining a relevant

1   fact  and  seeking  a  leave  to  amend  is  unreasonable."

2   AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953

3   (9th Cir. 2006).

4          Defendants LoanStar and FATCO jointly argue in essence

5   that  the  following  documents,  of  which  they  seek  to  have

6   judicial notice taken, evince that Plaintiffs have unduly delayed

7   in seeking leave to amend, contending the facts upon which the

8   Proposed  Seventh  Amended  Complaint  are  based  were  known  and

9   sought  to  be  litigated  or  actually  litigated  earlier  in  state

10  court: 1) Plaintiffs' First Amended Complaint filed in Sacramento

11  County Superior Court; 2) the Superior Court's Order sustaining

12  LoanStar and FATCO's demurrers to the First Amended Complaint; 3)

13  the  Superior  Court's  Order  sustaining  LoanStar  and  FATCO's

14  demurrers  to  Plaintiffs'  Second  Amended  Complaint;  and  4)  the

15  Superior  Court's  Judgment  of  Dismissal  subsequently  entered  in

16  favor  of  LoanStar  and  FATCO.  (LoanStar  /  FATCO  Request  for

17  Judicial Notice ("RJN"), 2:1-17, ECF No. 117.)

18         Wells Fargo Bank, NA and U.S. Bank, NA also include in

19  their opposition a request that judicial notice be taken of the

20  following documents, also contending these documents demonstrate

21  that Plaintiffs' previously brought in state court or sought to

22  bring the claims alleged in Plaintiffs' Proposed Seventh Amended

23  Complaint: 1) the Superior Court's Order sustaining Wells Fargo

24  Bank,  NA  and  U.S.  Bank,  NA's  demurrers  to  Plaintiffs'  First

25  Amended  Complaint;  2)  Plaintiffs'  Motion  for  Leave  to  File  a

26  Second Amended Complaint and the attached proposed complaint,

27  filed in Superior Court; 3) the Superior Court's Order denying

28  Plaintiffs'  Motion  for  Leave  to  File  the  Second  Amended

1   Complaint; 4) the Superior Court's Order sustaining Wells Fargo

2   Bank, NA and U.S. Bank, NA's demurrers to Plaintiffs' Second

3   Amended Complaint; and 5) the Superior Court's Judgment of

4   Dismissal subsequently entered in favor of Wells Fargo Bank, NA

5   and U.S. Bank, NA. (Wells Fargo Bank, NA / U.S. Bank, NA Opp'n to

6   Pls.' Mot. to Amend, 10:5-14.)

7        These judicial notice requests are granted since courts

8   "may take notice of proceedings in other courts . . . if those

9   proceedings have a direct relation to matters at issue." U.S. ex

10  rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971

11  F.2d 244, 248 (9th Cir. 1992).

12       Plaintiffs' proposed Seventh Amended Complaint is

13  premised on the following factual allegations: 1) Wells Fargo

14  Home Mortgage, Inc. issued a loan to Plaintiffs; 2) Plaintiffs'

15  loan was subsequently securitized; 3) after the loan was

16  securitized, Wells Fargo, NA initiated foreclosure proceedings

17  and substituted LoanStar as Trustee under the Deed of Trust; 4)

18  Wells Fargo Bank, NA then assigned the Deed of Trust to U.S.

19  Bank, NA, as the Trustee for the Bear Stearns ARM Trust, Grantor

20  Trust Certificates, Series 2005-2; and 5) U.S. Bank, NA

21  foreclosed on the property and became the record owner. However,

22  in the First Amended Complaint, filed in state court on February

23  25, 2011, Plaintiffs alleged that Wells Fargo Home Mortgage

24  issued a loan to Plaintiffs, and that Plaintiffs' loan was

25  subsequently securitized. (See e.g., LoanStar / FATCO RJN Ex. A,

26  ¶¶ 6, 9, 33, ECF No.117-1.) Further, in a proposed Second Amended

27  Complaint, filed in state court on September 21, 2011, Plaintiffs

28  alleged that Wells Fargo Bank, NA initiated foreclosure

1   proceedings and substituted LoanStar as Trustee. (<u>See e.g.,</u> Wells

2   Fargo Bank, NA / U.S. Bank, NA RJN Ex. 4, ¶¶ 15, 16, 20, 74, ECF

3   No. 125-4.) Plaintiffs also alleged that Wells Fargo Bank, NA

4   assigned the Deed of Trust to U.S. Bank, NA, and that U.S. Bank,

5   NA foreclosed on the property and became the record owner. (<u>Id.</u> ¶

6   88, 107).

7          Since Plaintiffs' First Amended Complaint and a

8   proposed Second Amended Complaint filed in state court evince

9   that Plaintiffs were aware of the new claims in their proposed

10  Seventh Amended Complaint approximately two and one half years

11  prior to filing their proposed Seventh Amended Complaint in this

12  federal action, Plaintiffs unduly delayed in seeking leave to add

13  the      claims     in    that    proposed    amended    complaint.

14  <u>AmerisourceBergen</u>, 465 F.3d at 953 (stating "[the Ninth Circuit

15  has] "held that an eight month delay between the time of

16  obtaining a relevant fact and seeking a leave to amend is

17  unreasonable.")

18         LoanStar and FATCO further argue in their opposition

19  that granting Plaintiffs' motion will prejudice them by

20  "inject[ing] additional expense and delay into a litigation which

21  is already unduly protracted and complex." (LoanStar / FATCO

22  Opp'n to Pls.' Mot. to Amend 8:1-12.) Wells Fargo Bank, NA and

23  U.S. Bank, NA also argue in their opposition that granting

24  Plaintiffs' motion will prejudice them since "all state law

25  claims which are sought to be asserted in the [proposed Seventh

26  Amended Complaint] except for Fraudulent Conversion of Real

27  Property were either asserted earlier in the State Court Action

28  and dismissed, or were sought to be added in the State Court

1   proceeding and leave [to amend] was denied by that Court." (Wells

2   Fargo Bank, NA / U.S. Bank, NA Opp'n to Pls.' Mot. to Amend 9:3-

3   5.)

4        "Prejudice to the opposing party is the most important

5   factor," in determining whether to grant a motion for leave to

6   amend. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.

7   1990). The Ninth Circuit has found that granting leave to amend

8   would prejudice a defendant where the proposed amendment would

9   "unfairly impose[] potentially high, additional litigation costs

10  . . . that could have easily been avoided had [Plaintiff] pursued

11  its [claims] in its original complaint . . . ."

12  AmerisourceBergen, 465 F.3d at 953.

13        Procedurally, Plaintiffs filed their First Amended

14  Complaint in Sacramento County Superior Court on February 25,

15  2011, alleging, inter alia, a violation of section 17200,

16  intentional infliction of emotion distress, and conspiracy — all

17  of which concerned the foreclosure on Plaintiffs' property. On

18  August 25, 2011, the Superior Court sustained Wells Fargo Bank,

19  NA and U.S. Bank, NA's demurrers to the First Amended Complaint,

20  and on September 9, 2011, the Superior Court sustained LoanStar

21  and FATCO's demurrers. On September 21, 2011, Plaintiffs filed a

22  motion in Superior Court for leave to file a proposed Second

23  Amended Complaint. The proposed complaint contained, inter alia,

24  claims for wrongful foreclosure, quiet title, and slander of

25  title. The Superior Court denied that motion without prejudice in

26  an order filed on September 29, 2011. A Second Amended Complaint

27  was subsequently filed in the Superior Court on October 7, 2011,

28  which contained, inter alia, a section 17200 claim, a conspiracy

1  claim, and FDCPA claims – all of which again concerned the

2  foreclosure on Plaintiffs' property. Defendants removed the case

3  to this federal court on October 24, 2011. Subsequently, in an

4  Order filed on April 4, 2012, the state law claims were found to

5  predominate over the FDCPA claims and were remanded to state

6  court under 28 U.S.C. § 1367(c)(2).

7         After the remand, the Superior Court ruled on LoanStar

8  and FATCO's demurrers to the Second Amended Complaint in an Order

9  filed on December 18, 2012, sustained the demurrers, and then

10  entered judgment in their favor on January 25, 2013. The Superior

11  Court also ruled on Wells Fargo Bank, NA and U.S. Bank, NA's

12  demurrers to the Second Amended Complaint, sustained the

13  demurrers, and entered judgment in their favor on February 19,

14  2013. Each Defendant states in its opposition brief to

15  Plaintiffs' motion for leave to amend in this federal lawsuit

16  that an appeal of the state court judgments is currently pending,

17  and that in essence Plaintiffs seek to litigate in this federal

18  action the same claims they lost in state court.

19         Defendants have shown that granting Plaintiffs' motion

20  for leave to amend by adding the seven state law claims

21  Plaintiffs seek to add would prejudice them by subjecting them to

22  litigation in federal and state court on claims involving the

23  same primary rights. Cf. Manufactured Home Communities Inc. v.

24  City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005)("A party

25  may bring only one cause of action to vindicate a primary right.

26  Claims not raised in this single cause of action may not be

27  raised at a later date." (footnote and citation omitted));

28  Jackson, 902 F.2d at 1388 (finding further amendment would

1   prejudice Defendants where "permit[ting] the amended complaint

2   would require [Defendants] to relitigate a portion of their state

3   court action.") Moreover, granting leave to amend to add the RICO

4   claim would "greatly alter[] the nature of the litigation [in

5   federal court] and . . . require[] defendants to . . .

6   undertake[], at a late hour, . . . an entirely new course of

7   defense." <u>Morongo Band of Mission Indians</u>, 893 F.2d at 1079.

8   Putting Defendants "through the time and expense of continued

9   litigation . . . , with the possibility of additional discovery,"

10  would cause undue prejudice." <u>Ascon Properties, Inc. v. Mobil Oil</u>

11  <u>Co.</u>, 866 F.2d 1149, 1161 (9th Cir. 1989) (quoting <u>Troxel</u>

12  <u>Manufacturing Co. v. Schwinn Bicycle Co.</u>, 489 F.2d 968, 971 (6th

13  Cir. 1973)).

14          Therefore, this portion of Plaintiffs' motion for leave

15  to amend is denied.

16      **d. Whether Leave Is Granted to Amend the FDCPA Claims**

17          **Alleged Against LoanStar, FATCO, Wells Fargo Bank, NA,**

18          **and U.S. Bank, NA**

19          Each Defendant argues in essence that Plaintiffs'

20  motion to amend the FDCPA claims should be denied because

21  dismissal of these claims should be with prejudice. Each

22  Defendant contends that Plaintiffs have repeatedly failed to

23  properly allege these claims, yet the claims are still

24  deficiently pled in the proposed Seventh Amended Complaint,

25  notwithstanding the several opportunities Plaintiffs have been

26  given to allege viable claims.

27          "Leave to amend may . . . be denied for repeated

28  failure to cure deficiencies by previous amendment." <u>Abagninin v.</u>

18

1  AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008). Leave to

2  amend may also be denied where "it is clear that the complaint

3  could not be saved by any amendment." Sylvia Landfield Trust v.

4  City of Los Angeles, 729 F.3d 1189, 1196 (9th Cir. 2013).

5         Plaintiffs have repeatedly failed to adequately allege

6  that any Defendant is a debt collector within the meaning of the

7  FDCPA and yet argue in a recently filed supplemental brief that

8  their insufficiently pled SAC "contain[s] all of the factual

9  bases one can think of in support of . . . FDCPA [claims]."

10  (Pls.' Supplemental Br. 2:11-14.) However, the FDCPA claims in

11  Plaintiffs' Second Amended Complaint were dismissed, inter alia,

12  because they contained insufficient factual allegations from

13  which is could plausibly be inferred that any Defendant was a

14  debt collector. Further, the Order dismissing Plaintiffs' Fourth

15  Amended Complaint ruled that the FDCPA claims contained

16  insufficient factual allegations from which is could plausibly be

17  inferred that Wells Fargo Bank, NA, LoanStar, and FATCO were debt

18  collectors. Moreover, Plaintiffs' proposed Seventh Amended

19  Complaint fails to contain sufficient factual allegations to

20  support drawing a plausible inference that any Defendant is a

21  debt collector.

22         Since Plaintiffs' opine that their insufficiently pled

23  SAC "contain[s] all of the factual bases one can think of in

24  support of the FDCPA [claims]," (Pls.' Supplemental Br. 2:11-14)

25  and also insufficiently plead these claims in their proposed

26  Seventh Amended Complaint, "it is clear that [Plaintiffs' FDCPA

27  claims] could not be saved by" further amendment. Sylvia

28  Landfield Trust, 729 F.3d at 1196. Therefore, this portion of

1  Plaintiffs' motion is denied, and each Defendant's dismissal
2  motion is granted with prejudice.

3

4                    **III. CONCLUSION**

5          For the stated reasons, Plaintiffs' motion to amend is
6  denied, and Plaintiffs' Sixth Amended Complaint is dismissed with
7  prejudice. Judgment shall be entered in favor of Defendants
8  LoanStar, FATCO, Wells Fargo Bank, NA, and U.S. Bank, NA on the
9  FDCPA claims, and this action shall be closed.
10 Dated:  April 28, 2014

11

12                              _____
13                              GARLAND E. BURRELL, JR.
                                Senior United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28