UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW G. KALNOKI, KATHI KALNOKI,<br><br>          Plaintiffs,<br><br>   v.<br><br>FIRST AMERICAN LOANSTAR TRUSTEE SERVICES LLC, WELLS FARGO HOME MORTGAGE, FIRST AMERICAN TITLE INSURANCE COMPANY, U.S. BANK NATIONAL ASSOCIATION, AS GRANTOR TRUSTEE FOR THE HOLDERS OF BEAR STEARNS ARM TRUST, GRANTOR TRUST CERTIFICATES, SERIES 2005-2, AND DOES 1 THROUGH 10,[1]<br><br>          Defendants. | 2:11-cv-02816-GEB-DAD<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Plaintiffs move under Federal Rule of Civil Procedure

---

[1] The above caption lists Defendant U.S. Bank National Association, as Grantor Trustee for the Holders of Bear Stearns ARM Trust, Grantor Trust Certificates, Series 2005-2 ("U.S. Bank, NA") even though Plaintiffs' Sixth Amended Complaint ("SAC") omits U.S. Bank, NA from its caption, since U.S. Bank, NA is alleged to be a Defendant in the body of the SAC, U.S. Bank, NA moved for dismissal of the SAC, and US Bank, NA opposes Plaintiffs' Motion for Reconsideration. Further, the above caption omits Wells Fargo Home Equity ("WFHE"), even though this party is listed in SAC's caption, since Plaintiffs voluntarily dismissed WFHE on February 20, 2012, (ECF No. 32), and Plaintiffs subsequent complaints fail to contain any allegations against WFHE.

1

1  ("Rule") 60(b) for reconsideration of an order dismissing
2  Plaintiffs' Sixth Amended Complaint ("SAC") and denying
3  Plaintiffs' motion for leave to file a Seventh Amended Complaint.
4  (Order Dismissing SAC and Denying Mot. for Leave to Amend, ECF
5  No. 136.) Plaintiffs further request the judgment entered in
6  favor of Defendants on Plaintiffs' Fair Debt Collections
7  Practices Act ("FDCPA") claims be set aside. (ECF No. 137.)
8  Defendants First American LoanStar Trustee Servicing, LLC
9  ("LoanStar") and First American Title Insurance Company ("FATCO")
10 jointly oppose the motion. Defendants Wells Fargo Bank, N.A.
11 d/b/a Wells Fargo Home Mortgage ("Wells Fargo Bank, NA") and U.S.
12 Bank National Association, as grantor Trustee for the holders of
13 Bear Stearns ARM Trust, Grantor Trust Certificates, Series 2005-2
14 ("U.S. Bank, NA") also jointly oppose the motion.

15         Plaintiffs argue their dismissed FDCPA claims and
16 Racketeer Influenced and Corrupt Organizations Act ("RICO") claim
17 were adequately pled and that granting leave to amend to add the
18 proposed RICO claim would not have prejudiced Defendants.
19 However, these arguments do not address any of the specific
20 grounds that could justify relief "from a final judgment, order,
21 or proceeding" under Rule 60(b), such as, "mistake, inadvertence,
22 surprise, or excusable neglect"; "newly discovered evidence"; or
23 "any other reason that justifies relief." Fed. R. Civ. P.
24 60(b)(1)-(2),(6). The essence of these arguments constitutes an
25 "attempt to relitigate . . . issue[s] central to the merits of
26 [the decisions rendered on the dismissal and amendment motions],"
27 and they do not provide a basis for granting the reconsideration
28 motion. Casey v. Albertson's Inc., 362 F.3d 1254, 1261 (9th Cir.

2004).

Plaintiffs further argue in their Rule 60(b) motion that the Court "overlooked" documents which they contend supported their positions on issues relevant to the dismissal motions and their motion for leave to amend. (Pls.' Reply, 7:8-9, ECF No. 141.) However, the only documents which Plaintiffs specifically contend were "overlooked" are the Wells Fargo Bank, NA "Foreclosure Manual" and the Freddie Mac "Foreclosure Bulletin," both of which were submitted in Plaintiffs' reply brief to the motion for leave to amend. (Id. 7:7-8.) Therefore, Plaintiffs' argument is not a ground for reconsideration, since the documents were submitted "for the first time in a reply brief," and accordingly did not have to be considered. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (affirming a denial of a Rule 59(e) reconsideration motion which was based on the district court's failure to address an argument initially raised in a reply brief).

Plaintiffs also seek reconsideration under Rule 60(b)(3), arguing that "there was not one document filed in this matter by the Defendants that was not [a] knowingly and feloniously fraudulent [document]," and therefore, "this court's ruling was obtained through fraud and perjury." (Pls.' Mot. for Reconsideration, 3:28-4:1, 5:5-7, ECF No. 138.) Rule 60(b)(3) states: "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To obtain relief under Rule 60(b)(3), Plaintiffs must "prove by clear and convincing evidence that the

1  [judgment] was obtained through fraud, misrepresentation, or
2  other misconduct and the conduct complained of prevented
3  [Plaintiffs] from fully and fairly presenting the[ir]
4  [arguments]." Casey, 362 F.3d at 1260. Plaintiffs' conclusory
5  arguments of fraud largely reiterate conclusory allegations and
6  arguments contained in Plaintiffs' SAC, their opposition to the
7  dismissal motions, and their motion for leave to amend. These
8  arguments are insufficient to satisfy the clear and convincing
9  evidence standard and therefore do not warrant reconsideration under
10 Rule 60(b)(3).
11         For the stated reasons, Plaintiffs' Motion for
12 Reconsideration is denied.
13 Dated:  June 25, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge